# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NAEEM BETZ
4244 HILDRETH ST. SE
WASHINGTON, D.C. 20019-9998

PRO SE / PLAINTIFF

v.

(YSLS) YOUR STUDENT LOAN SOLUTION
201 N. CHARLES ST. SUITE # 2406   etal.
BALTIMORE, MARYLAND 21201

DEFENDANT / RESPONDANT

**VERIFIED COMPLAINT FOR DAMAGES, STATUTORY, PUNITIVE, ACTUAL, FEES AND EXPENSES, COSTS, AND OTHER RELATED RELIEF**

**JURY TRIAL DEMANDED 12 JURORS**

Case: 1:17-cv-01955          Jury Demand
Assigned To : Sullivan, Emmet G.
Assign. Date : 9/25/2017
Description: Pro Se Gen. Civil          (F-Deck)

**COMES NOW,** the Plaintiff Naeem Betz complaining of the Defendant and as follows;

I.                          **VERIFIED COMPLAINT**

### NATURE OF ACTION

1. Plaintiff, Naeem Betz, individually, hereby sues Defendant(s), (YSLS) YOUR STUDENT LOAN SOLUTION et. al, for violations of the Telephone Consumer Protection Act (TCPA) 47 U.S.C. § 227 et seq.

**VERIFIED COMPLAINT**
~ 1 ~

**II.**  **PRELIMINARY STATEMENT**

2. This is an action for damages and injunctive relief brought by Plaintiff Naeem Betz against

Defendant(s) (YSLS) YOUR STUDENT LOAN SOLUTION et. al for violations of the Telephone

Consumer Protection Act (TCPA) 47 USC § 227(c)(5), 47 U.S.C. § 227(b)(1)(A)(iii).

3. Upon belief and information, Plaintiff contends that many of these practices are widespread

for the Defendant.  Plaintiff Naeem Betz intends to propound discovery to Defendant (YSLS)

YOUR STUDENT LOAN SOLUTION identifying all automated telephone equipment (i.e.,

automatic telephone dialing systems, or (ATDS), and predictive telephone dialing systems, or

(PTDS) numbers used in placing or making telephone calls to consumers like Plaintiff Naeem

Betz cellular telephone without prior express written consent or prior express consent.

4. Plaintiff contends that the Defendant have violated such laws by repeatedly harassing Plaintiff

by calling his wireless telephone number ending in 8063 which is registered on the (FTC) National

Do Not Call Registry since April 22, 2012. Anyone whose numbers are registered on the DNC list

that has received two telemarketing calls within a twelve-month period can sue for all calls

including the first. It does not matter if calls are live, pre-recorded or robo calls. The DNC

provision is a powerful section of the TCPA because it prohibits calls to both cell phone and

residential lines, which are registered on the federal or company specific do-not call lists. It is not

necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice

messages. Live calls to numbers registered on the DNC are prohibited.

**VERIFIED COMPLAINT**

~ 2 ~

III.                          <u>**JURISDICTION AND VENUE**</u>

5. Jurisdiction of this Court arises under Telephone Consumer Protection Act, ("TCPA")

47 U.S.C. §227(3)(C) et seq. Federal Question Jurisdiction 28 U.S. Code § 1331. Supplemental

jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. See Mims v. Arrow Fin.

Servs., LLC, 132 S. Ct. 740, 745 (2012).

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2). (b)Venue in General. —A civil action

may be brought in— (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

situated.

IV.                              <u>**PARTIES**</u>

7. Plaintiff, Naeem Betz, is a natural person and is a resident of the District of Columbia,

Washington which is the Federal District Capital of the United States of America.

8. Upon information and belief Defendant, (YSLS) YOUR STUDENT LOAN SOLUTION is a

private organization authorized to do business in the State of Maryland and the continental United

States of America.

9. Upon information and belief Defendant (YSLS) YOUR STUDENT LOAN SOLUTION is a

"person", private organization authorized to do business in the State of Maryland and the

continental United States of America.

V.                    <u>**LEGAL BASIS FOR THE CLAIMS**</u>

10. The Federal Communications Commission plays a crucial role in helping consumers stop

unwanted calls and text messages. Under the Telephone Consumer Protection Act, the FCC

provides clarity on the law, sets rules, takes enforcement actions, and provides resources for

**VERIFIED COMPLAINT**
~ 3 ~

consumers.



## Consumer Help Center

### Rules and Resources for Dealing with Unwanted Calls and Texts

Consumers can take back their permission to be called or texted in any reasonable way. A calling company cannot require someone to fill out a form and mail it in as the only way to revoke consent.

*"See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules to prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent.

11. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing. Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for ($500) or the actual monetary loss in damages for each violation, whichever is greater, and treble damages ($1500) for each willful or knowing violation, as well as injunctive relief.

**VERIFIED COMPLAINT**

~ 4 ~

12. Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA. The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is nearly any dialing system, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods.

13. In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order. The Order defines an "auto-dialer" as equipment/software that has the future capacity to dial randomly or sequentially. "In other words, the capacity of an auto dialer is not limited to its current configuration but also includes its potential functionalities." The Order clarifies the meaning of "capacity" and that "any call" made using the device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually...using those functionalities to place calls" at the time.

Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

14. The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to

make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

15. Furthermore, the TCPA established the National Do-Not-Call List and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." Id. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. Id. At § 64.1200(d)(3),(6). Any company or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

16. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCCR cd. 559, 565, ¶ 10 (Jan. 4, 2008); Birchmeier v. Caribbean Cruise Line, Inc., 2012 WL 7062748 (Dec. 31, 2012). Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**VERIFIED COMPLAINT**
~ **6** ~

**VI.**                              **FACTUAL ALLEGATIONS**

17. From June 15th, 2017 to June 19, 2017 (YSLS) YOUR STUDENT LOAN SOLUTION violated the TCPA by calling Plaintiff(s) Naeem Betz cell phone 202-XXX-8063, "4" plus times from the number **(877-871-7770)** on **(June 15,16,17,19)** without prior express written consent or prior express consent by willfully or knowingly violating 47 USC § 227 (b)(1)(A)(iii). Defendant(s) has (YSLS) YOUR STUDENT LOAN SOLUTION demonstrated willful or knowing noncompliance with 47 USC § 227(c)(5) by calling Plaintiff Na'eem Betz wireless telephone number 202-XXX-8063 at least "4" plus times which is registered on the National Do Not Call Registry (DNC) since April 22,2012. Plaintiff's number, which is assigned to a cellular telephone service and is charged for monthly telephone usage and other communication services. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. The Defendant(s) actions caused lost time, aggravation, and continued distress. Upon information and belief, the Defendant(s) telephone calls that were left on Plaintiff Naeem Betz wireless phone had only silence or no message left as a voicemail. Plaintiff has the actual recordings of the artificial or prerecorded voicemail which has complete momentary pause ("dead air") and a loud beep sound on June 19th at 1:55pm. The voicemail placed on Plaintiff(s) cellular phone by the Defendant(s) using telephone number **(877-871-7770)** on June 19th, 2017 at 1:55pm. The Defendant never disclosed or identified who they were and what business entity was initiating or making these unauthorized calls to Plaintiff cell phone.

18. Plaintiff Naeem Betz is the regular carrier and private user of the cellular telephone assigned the number ending in 8063. These calls caused emotional damage, extra electricity usage, extra battery usage and were a direct invasion of privacy to Plaintiff Naeem Betz. By making the

**VERIFIED COMPLAINT**
~ 7 ~

telephone calls at issue in this Verified Complaint, Defendant caused consumer Plaintiff Naeem Betz actual harm, including the aggravation, nuisance, and invasion of privacy that directly accompanies the receipt of unsolicited and harassing cellular telephone calls. Defendant(s) calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i). Plaintiff Naeem Betz did not provide Defendant(s) with prior express written consent or prior express consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

*"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone Call Records" "See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

*"See Attached Exhibit C - District of Columbia under D.C. CODE § 34–1701."* Ban on automated telephone dialing systems." Currently (ADAD) Automatic Dial Announcing Device are banned in the District of Columbia under D.C. CODE § 34–1701. Ban on automated telephone dialing systems for commercial solicitation; definitions; prohibition; exceptions.

19. Plaintiff called the Defendant on June 21,2017 at 11:30 am to inquire into these illegal cellular telephone calls. Plaintiff had a 15 minute and 28 second conversation with one the customer service / call center reps in which the Defendants employee admitted to Plaintiff that his number *was not* placed on their internal do not call list. Defendant(s) admitted again they never scrubbed or check Plaintiff number before illegally dialed 202-XXX-8063 multiple times they were unaware of the fact that the Plaintiff wireless phone is currently registered on the (FTC)

**VERIFIED COMPLAINT**

~ **8** ~

National Do Not Call Registry since April 22, 2012." Plaintiff again reminded the customer service / call center rep **TO STOP or CEASE** calling Plaintiff wireless phone number 202-XXX-8063 and to immediately remove his wireless number from their internal calling or computer system. Plaintiff again stated he never signed any prior express written consent or prior express consent to these illegal calls.

   20. The customer service / call center rep for the Defendant (YSLS) YOUR STUDENT LOAN SOLUTION also stated that their "parent company" is an entity by the name (FSH) Federal Student Help located at 313 Interstate Blvd. Sarasota, Florida 34240. The website is https://www.federalstudenthelp.com/ and is a private company and does not claim to be affiliated with any Federal, State, or Local Government agencies. Federal Student Help is not a loan servicer or originator as stated on their business website page Federal Student Help © 2016 All Rights Reserved. Terms of use and Privacy Policy. Federal Student Help is a private company and does not claim to be affiliated with any Federal, State, or Local Government agencies. Federal Student Help is not a loan servicer or originator. Federal Student Help assists people to obtain federal government student loan forgiveness and/or consolidation programs by pre-qualifying, preparing, and submitting required documentation on their behalf. People with student loan debt have the legal right to use an attorney or process federal student loan documentation on their own behalf without paid assistance. This can be submitted on www.studentloans.gov.

   21. Plaintiff then called the parent company (FSH) Federal Student Help on July 22nd 2017 and spoke with friendly Compliance and Billing Manager named Haley Ramsdell. Ms. Ramdall had at least a 40-minute discussion with Plaintiff about the false misreprestations (YSLS) YOUR STUDENT LOAN SOLUTION made about (FSH) Federal Student Help being their alleged parent company in which she verified to be complete false, deceptive and willfully a premediated

**VERIFIED COMPLAINT**

lie. Ms. Ramsdall in fact verified that they have and currently do business with (YSLS) YOUR STUDENT LOAN SOLUTION on an independent contract or business arrangement. But (FSH) Federal Student Help is not and never has been (YSLS) YOUR STUDENT LOAN SOLUTION parent company.

22. Telemarketing Calls to "Do-Not-Call" … "DNC" Numbers Prohibited – 47 USC 227(c)(5)

This section only applies to telephone solicitation calls. Anyone whose numbers are registered on the DNC list that has received two telemarketing calls within a twelve-month period can sue for all calls including the first. It does not matter if calls are live, pre-recorded or robo calls.

23. The DNC provision is a powerful section of the TCPA because it prohibits calls to both cell phone and residential lines, which are registered on the federal or company specific do-not call lists. It is not necessary to prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls to numbers registered on the DNC are prohibited.

The best part about DNC violations from the consumer perspective is that the Sixth Circuit Court of Appeals has held that damages under this section may be stacked on top of the TCPA 227(b) section covering "calls to cell phones." This means that the consumer can get up to $3000.00 per call for violations of the cell phone prohibitions and the DNC provisions. Charvat v NMP, LLC, 656 F. 3d 440 (6th Cir. 2011).

24. TCPA Damages: According to the TCPA, as codified in 47 U.S.C. § 227, an individual or entity has a private right of action to bring an action based on a violation of a subsection of the Act. (47 U.S.C. § 227(b)(3) (calls to a cell phone). An individual or entity may bring an action to enjoin such violations, for monetary loss for such violations, for $500.00 for each such violation, whichever is greater, or for both injunction and damages.  If the court finds that the defendant willfully or knowingly violated the regulations under the TCPA, the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount of the statutory compensatory damages above.

25. The body of case law addressing the available damages for a plaintiff suing under a TCPA private right of action reflects the general rule that where the court finds that the defendant caller has violated a subsection of the Act, it will at least award to the plaintiff $500 per violation as required by the Act.

26. Furthermore, when the facts of the specific case rise to the level of showing a knowing or willful violation of the Act, the court will, in its discretion and within its jurisdiction, also award exemplary or treble damages that may be as much as three times the damages award. In determining willfulness, the court looks at whether the defendant's actions show its knowledge of the facts that constitute the offense (knowing); at the prior interactions between the plaintiff and the defendant; and at whether the defendant attempted to stall, evade or avoid its obligations under the TCPA.

27. Willful and Knowing: Treble Damages One of the best arguments for trebling damages is the standard set forth in 47 USC § 312 F, Administrative sanctions, which is part of the same section of the United States Code that the TCPA falls under.

(f) "Willful" and "repeated" defined

For purposes of this section:

(1) The term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

(2) The term "repeated", when used with reference to the commission or omission of any act, means the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day.

28. "*See Attached Exhibit C - District of Columbia under D.C. CODE § 34–1701.* Ban on automated telephone dialing systems." Currently (ADAD) Automatic Dial Announcing Device are banned in the District of Columbia under D.C. CODE § 34–1701. Ban on automated telephone dialing systems for commercial solicitation; definitions; prohibition; exceptions.

29. Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). Although neither the TCPA nor the FCC regulations define the terms "willfully or knowingly", courts have generally interpreted willfulness to imply only that an action was intentional. Smith v. Wade, 461 U.S. 30, 41 n.8 (1983). While the TCPA does not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." In Dubsky v. Advanced Cellular Communications, Inc., No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3).

30. The TCPA defines an ATDS as "equipment which has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of `capacity' does not exempt equipment that lacks the `present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities."

**VERIFIED COMPLAINT**
~ 12 ~

See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act

of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order").

31. **The list of the "4" plus "INCOMING" Cellular Telephone Calls placed by the**

**Defendant (YSLS) YOUR STUDENT LOAN SOLUTION et. al**

**1. INCOMING CALL -Thursday - June 15, 2017, 1:55 PM / VOICEMAIL**

**2. INCOMING CALL - Friday - June 16, 2017, 4:40 PM**

**3. INCOMING CALL -Saturday - June 17, 2017, 10:30 AM**

**4. INCOMING CALL - Monday - June 19, 2017, 4:40 PM**

**OUTGOING CALL- (15m 46s) - Tuesday, June 21, 2017, 11:36 AM**

**Calling a consumer who has asked not to be called potentially exposes a seller and**
**telemarketer to a civil penalty of $16,000 ($40,000 beginning 08/01/16) per violation.**
**Violators will be subject to civil penalties of up to $16,000 ($40,000 beginning 08/01/16) per**
**violation, as well as injunctive remedies.**

**VII.**                                **COUNT I**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**VIOLATIONS OF 47 U.S.C.§227(c)(5)**

**FOR CALLS PLACED TO NUMBERS LISTED ON THE DO NOT CALL REGISTRY**

32. Plaintiff alleges and incorporates the information in paragraphs 1 through 31.

33. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(c)(5)

by calling Plaintiff Naeem Betz wireless telephone number 202-XXX-8063 that has been placed

on the National Do Not Call Registry (DNC) since April 22, 2012, Plaintiff's number, which is

assigned to a cellular telephone service. Plaintiff Naeem Betz has never consented in writing or

verbally to Defendant(s) (YSLS) YOUR STUDENT LOAN SOLUTION. The DNC provision is a

powerful section of the TCPA because it prohibits calls to both cell phone and residential lines,

**VERIFIED COMPLAINT**

**~ 13 ~**

1  which are registered on the federal or company specific do-not call lists. It is not necessary to

2  prove the telemarketer used an ATDS or used artificial or pre-recorded voice messages. Live calls

3  to numbers registered on the DNC are prohibited.

4

5      34. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade*

6  *Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone*

7  *registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22,*

8  *2012." "See Attached Exhibit B - Screenshots of Cellular Telephone TEXT Records "See*

9  *Attached Exhibit B - Records" "See Attached Exhibit C - District of Columbia under D.C.*

10  *CODE § 34–1701. Ban on automated telephone dialing systems." "See Attached Exhibit D –*

11  *(FCC) Federal Communications Commission - Consumer Help Resources Know your Rights:*

12  *The Rules on Robocalls and Robotexts."*

13

14  registrant's signed, written agreement to be contacted by the telemarketer. Id. § 64.1200(c)(2)(ii).

15  The written agreement must also include the telephone number to which the calls may be placed.

16  Id.

17

18      35. A person whose number is on the Registry and has received more than one telephone

19  solicitation within any twelve-month period by or on behalf of the same entity in violation of the

20  TCPA can sue the violator and seek the same statutory damages available under § 227(b) – the

21  greater of actual damages or $500, a figure that may be trebled for willful or knowing violations.

22  47 U.S.C. § 227(c)(5).

23

24      36. Each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the

25  actions of others, telephone solicitation calls to telephone numbers listed on the National Do Not

26  Call Registry. The TCPA imposes liability on entities that do not directly place illegal calls. It has

27  long been the law that a seller of goods or services can be liable for TCPA violations even if the

28

seller does not directly place or initiate the calls. As explained by the FCC, the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."

37. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995). The FCC reiterated this principle in 2005 when it stated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party in the name of that company are treated as if the company itself placed the call."

38. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991; Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005). The FCC reaffirmed this in 2013, when it held (a) with respect to violations of § 227(b), a seller may be liable under principles of apparent authority, actual authority, and ratification for telemarketing violations placed by third parties, and (b) with respect to violations of § 227(c), a seller may be liable under those same principles, and, under the express terms of the statute, for calls placed "on behalf of" the seller. In re Joint Pet. Filed by Dish Network, 28 FCCR 6574 (2013).

39. Violation of § 227(c) for calls placed to numbers listed on the FCC - National Do Not Call Registry, each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the FCC - National Do Not Call Registry.

40. Defendant(s) has committed "4" plus separate violations of 47 USC § 227(c) and Plaintiff is entitled to damages of $500 per violation pursuant to 47 U.S.C. § 227(b) – the greater of actual damages or $500, a figure that may be trebled for willful or knowing violations up to $1500 47

U.S.C. § 227(c)(5). The acts and practices alleged in Paragraphs 1-30 constitute violations of section 47 U.S.C. § 227(c)(5).

**VIII.**                               **COUNT II**

**THE TELEPHONE CONSUMER PROTECTION ACT**

**VIOLATIONS OF 47 U.S.C.§227 (b)(1)(A)(iii)**

**THE TELEPHONE CONSUMER PROTECTION ACT**

41. Plaintiff alleges and incorporates the information in paragraphs 1 through 30.

42. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular telephone service. *"See Attached Exhibit A - The email confirmation sent from the (FTC) Federal Trade Commission Verify@donotcall.gov to Plaintiff Naeem Betz confirming cellular telephone registry on the (FTC) National Do Not Call Registry on a number ending in 8063 on April 22, 2012." "See Attached Exhibit B - Screenshots of Cellular Telephone TEXT Records "See Attached Exhibit B - Records" "See Attached Exhibit C - District of Columbia under D.C. CODE § 34–1701. Ban on automated telephone dialing systems." "See Attached Exhibit D – (FCC) Federal Communications Commission - Consumer Help Resources Know your Rights: The Rules on Robocalls and Robotexts."*

43. Defendant(s) has committed "4" separate violations of 47 USC § 227(b)(1)(A)(iii) and Plaintiff is entitled to damages of $1500 per violation pursuant to 47 U.S.C. §227(b)(3)(B).

44. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) all warranted "4" plus calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) as they were intentional. An unintentional call carries a damage amount of $500; an intentional call carries a damage amount of $1,500 per violation.

**VERIFIED COMPLAINT**

**~ 16 ~**

45. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by calling the Plaintiff's number, which is assigned to a cellular telephone service.

46. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by calling the Plaintiff's number, which is assigned to a cellular telephone service. The Plaintiff Naeem Betz has never consented in writing or verbally to Defendant(s) (YSLS) YOUR STUDENT LOAN SOLUTION by express written consent to call Plaintiff cellular phone.

47. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by not providing an automated, interactive voice- and/or key press-activated mechanism for the consumer to request no further telemarketing calls from the caller.

48. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) as the TCPA rule defines "prior express written consent" as a signed written agreement that clearly and conspicuously disclosure to the consumer that: By signing the agreement, he or she authorizes the seller to deliver, to a designated phone number, telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and The consumer is not required to sign the agreement or agree to enter into it as a condition of purchasing any property, goods, or services. The Defendant(s) (YSLS) YOUR STUDENT LOAN SOLUTION) never provided such a clear and conspicuously disclosure to Plaintiff Naeem Betz therefore there was never any "prior express written consent".

49. Defendant(s) has demonstrated willful or knowing non-compliance with 47 USC § 227(b)(1)(A)(iii) by not providing the required signature may be "obtained in compliance with the E-SIGN Act," including via an e-mail, website form, text message, telephone key press, or voice

**VERIFIED COMPLAINT**
~ 17 ~

recording. The acts and practices alleged in Paragraphs 1-30 constitute violations of section 47 U.S.C. § 227(b)(1)(A)(iii).

50. The frequency of this unauthorized cellular telephone calls have facial plausibility that Plaintiff Naeem Betz has plead as factual content that will allow the court to draw the reasonable inference that the Defendant is liable for their *unlawful* conduct and behavior. Assuming the truth of Plaintiffs factual allegations, the Court will find all claims to be facially plausible.

**IV.**                                  **PRAYER FOR RELIEF**

51. **WHEREFORE,** Plaintiff demands judgment for monetary damages against the Defendant (YSLS) YOUR STUDENT LOAN SOLUTION one hundred thousand dollars for actual or statutory damages, punitive damages, attorney's fees and costs and further relief as the Court deems just and proper.

**X.**                                  **DEMAND FOR JURY TRIAL**

52. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this  25th day of September, 2017.

**VERIFIED COMPLAINT**

**~ 18 ~**

XI.         <u>**VERIFICATION OF COMPLAINT AND CERTIFICATION**</u>

**(DISRTICT OF COLUMBIA)**

Plaintiff, Naeem Betz, states as follows:

I am the Plaintiff in this federal civil proceeding.

I believe that this Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

I believe that this Verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint. I have filed this Verified Complaint in good faith and solely for the purposes set forth in it. Each and every exhibit I have provided which has been attached to this Verified Complaint is a true and correct copy of the original.

Except for clearly indicated redactions made by my Plaintiff Naeem Betz where appropriate, I have not altered, changed, modified or fabricated these exhibits.

Pursuant to 28 U.S.C. § 1746(2), Naeem Betz, hereby declare (or certify, verify or state) under penalty of perjury that under the laws of the United States of America that the foregoing is true and correct. Executed on September 25th, 2017.

DATE: <u>September 25th, 2017</u>

Naeem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

NAEEM BETZ
4244 HILDRETH ST.SE
WASHINGTON, D.C. 20019-9998
nobetzo@gmail.com

**VERIFIED COMPLAINT**
**~ 19 ~**

NAEEM BETZ
P.O. BOX 15714
WASHINGTON, D.C. 20003-9998

XII.                              **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2017, I filed the foregoing by CM/ECF System

for District Court for the District of Columbia which will then send a notification of such filing. I

further state under oath that I caused the forgoing, to be served on the parties listed below by

United States Postal Service postage prepaid as a courtesy, on the following:

I certify that a copy of the Verified Complaint will be served upon the Defendant(s) registered

agent, counsel below in compliance with FRCP Rule 4; Pursuant to Local Civil Rules.

(YSLS) YOUR STUDENT LOAN SOLUTION
201 N. CHARLES ST. SUITE # 2406
BALTIMORE, MARYLAND 21201
http://yourstudentloansolution.com/
Phone: 1-800-982-8506
Email: info@yourstudentloan.com

C. Scott Osborn | Attorney
sosborn@darslaw.com
10211 Wincopin Circle | Suite 600
Columbia, Maryland 21044
410.995.5800 | www.darslaw.com

*Lead Attorney to be noticed for Defendant*

DATE: September 25th, 2017

Naeem Betz
Plaintiff, In Propria Persona
ALL RIGHTS RESERVED

**VERIFIED COMPLAINT**
~ 20 ~